CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## MARCH TERM, 1910.

---

BENJAMIN R. GARRETT ET AL. *v.* RICHARD H. ELLIS ET AL.

[52 South. 451.]

MORTGAGES. *Suits to redeem. Statute of Limitations. Code* 1906, § 3092. *Code* 1892, § 2732. *Code* 1880, § 2666. *No disability.*

The statute, Code 1906, § 3092, providing that a suit shall not be brought by a mortgagor, or those claiming under him, to redeem a mortgage against a mortgagee who, after condition broken, shall obtain actual possession or receipt of the profits or rent of land embraced in his mortgage but within ten years next after the time at which the mortgagee obtained possession or receipt, contains its own exceptions and no class of persons is exempt from its provisions because of a disability.

FROM the chancery court of Tate county.
HON. ISAAC T. BLOUNT, Chancellor.
Ellis and others, appellees, some of them infants, suing by their next friend, were complainants and cross-defendants in the court below; Garrett and others, appellants, were defendants and cross-complainants there.

98 Miss.—1          (1)

From a decree in favor of the complainants and cross-defendants the defendants and cross-complainants appealed to the supreme court.

In 1880 one B. H. Ellis and wife executed a deed of trust on their homestead to secure an indebtedness due to. B. F. Garrett. Early in the year 1882 B. H. Ellis died leaving his widow and eight children of whom seven were infants, the youngest being ten years of age. In October, 1882, a few days before the indebtedness secured by the deed of trust matured, the trustee named in the deed of trust made advertisement of the land for sale, and after thirty days' advertisement (the period required under the terms of the deed of trust) the land was bought in by Garrett at the trustee's sale, the sale itself being on a date only six days after the indebtedness became due. The advertisements of sale did not describe the land to be sold, but merely referred to it as being land described in the deed of trust which could be found of record in a designated deed book on a designated page. Garrett then entered into actual possession of the land, according to evidence introduced on the trial, and received the profits and rents from the land for a period of more than twenty years. This was however disputed by the evidence of complainants and cross-defendants at the trial. The deed from the trustee who made the sale to Garrett was never placed of record, but Garrett testified that after he received it from the trustee he subsequently lost it. The widow and her children continued to live on the land. Garrett testified that she was his tenant and paid him rent. She denied this. The land was assessed for taxation to Garrett as owner continuously from the year of the sale to him. The widow died in 1898, her youngest son being then about eighteen years of age. During the time since 1882 and until shortly before her death, the widow, to secure merchants who furnished her supplies for current years, at several different times executed

deeds of trust on the crops raised or to be raised by her on the land which her deeds of trust described as being "the land of B. F. Garrett." These sundry deeds of trust also contained reservations with regard to rent due by the widow to Garrett. And after the death of the widow, her eldest son executed similar deeds of trust. There was no proof that the debt due by B. H. Ellis to Garrett was ever paid. The court held that Garrett must be held to be a mortgagee in possession because of the invalidity of the trustee's foreclosure proceedings, and that as Mrs. Ellis, the widow, died in 1898 and this suit was instituted in 1906, there was no bar of limitation even though the mortgagee had been in possession for over twenty years before suit brought.

*J. F. Dean,* for appellants.

Even if the trustee's sale in foreclosure was void, the deed of trust was valid. Garrett testified that a sale was made and that he became the purchaser at the sale; that he took possession of the land under a deed executed to him by the trustee pursuant to that sale; that Mrs. E. V. Ellis rented the land from him for three bales of cotton per year and paid the rent annually to him as long as she lived; and that subsequently W. T. Ellis rented it at the same rent until two years before he died, when he rented it for one hundred and twenty-five dollars as shown by his rent note filed as an exhibit in evidence. So, if the sale under the deed of trust was void, Garrett was a mortgagee in possession receiving rents for twenty-two years before this suit was brought.

This is not a case of a void deed of trust on the homestead but of a void sale under a good deed of trust on the homestead, signed by both B. H. Ellis and his wife, Mrs. E. V. Ellis.

Appellants set up two defenses in the court below, the general statute of ten years adverse possession, and that relative to a mortgagee in possession for ten years.

In addition, this is a suit in equity, and whether in possession or out of possession the suit must be brought within ten years after the right to bring suit accrued; and in this case it certainly accrued more than ten years before suit was brought. *Jones* v. *Rogers,* 85 Miss. 802; Code 1906, § 3092.

The only possible way for the chancellor to decide in favor of appellees would be to hold that the appellant, Garrett, never received the rents for ten years before the suit was brought, since it cannot be denied that if he received the rents for more than ten years before the suit was brought, then the title became perfect in him.

Even if the testimony of Garrett be not considered, the possession by Garrett of the premises is abundantly shown, by common reports, declarations of the parties concerned; acts of Garrett in moving the mill and other fixtures from the land to Panola county, and attempting to sell the land to sundry parties. Under all the decisions of this court, Garrett's title is complete as mortgagee in possession for more than ten years. *Little* v. *Teague,* 60 Miss. 115; *Lucas* v. *Mortgage Co.,* 72 Miss. 366; *Tuteur* v. *Brown,* 74 Miss. 774.

But if Garrett's testimony is to be considered, it is shown conclusively therefrom that during all these years he was receiving the rents, and if he was, then the minors are barred as well as the adults, as Code 1906, § 3092, and Code 1892, § 2732, has no saving as to minors. *Woods* v. *Campbell,* 87 Miss. 782; *Summers* v. *Brady,* 56 Miss. 10; *Foster* v. *Railroad Co.,* 72 Miss. 886.

The court below had the erroneous idea that because the land could not be partitioned, except by the consent of the widow, during her lifetime or widowhood, then the statute law did not begin to run against the children until her death, and since she died in 1898 and suit was brought in 1906, none of them were barred. But, in the first place, it was not her holding or posses-

sion at all. She was claiming nothing as against her
children. She was the tenant of Garrett, and Garrett
had as much right to rent the property to her as to any
one else, and he cannot be prejudiced by that fact. There
was no fiduciary relation existing between Garrett and
these appellees, and they could not have brought suit
against him at any time prior because they were then
dispossessed. The mother was no longer using it as a
homestead. She was asserting no right against the chil-
dren or any one else. She recognized Garrett as her
landlord and as such attorned to him. A tenant can not
deny the title of his landlord, yet the court below erro-
neously permitted appellees to set up possession of the
tenant of Garrett, their mother, against his title, and to
claim that the statute, Code 1906, § 3092, only runs after
her death.

If Garrett was mortgagee, and if there was a void
sale under the deed of trust, and Garrett entered and
took possession, it was as mortgagee, and if he received
rents from Mrs. Ellis or to any one else, their possession
was his possession. The statute in question reads:
"When a mortgagee, after condition broken, shall ob-
tain the actual possession or receipt of rent or profits
of land embraced in his mortgage, the mortgagor or any
person claiming through him may not bring suit to re-
deem the mortgage, but within ten years, next after the
time at which the mortgagee obtained such possession
or receipt." Code 1906, § 3092. Under this statute, it is
a simple question: Did Garrett receive the rents for the
prescribed time? The statute itself is conclusive against
the soundness of the conclusion of the court below. 19
Am. & Eng. Ency. Law, 213, 214; *McIver* v. *Reagan,* 2
Wheat. U. S. 25; *McCaughn* v. *Young,* 85 Miss. 292;
*Ewing* v. *Burnett,* 36 U. S., 9 Law Ed. 624; *Lucas* v.
*Mortgage Co.,* 72 Miss. 266; *Clark* v. *Wilson,* 56 Miss.
753; *Bonner* v. *Lesley,* 61 Miss. 392; *McGee* v. *Wallis,*
57 Miss. 646.

*M. H. Thompson,* for appellees.

The trust deed required that, should default be made in the payment of the debt, which was evidenced by a note due and payable on the first day of November, 1883, then the trustee should take possession of the land, and after giving three weeks' notice of the time, place and terms of the sale, proceed to sell the same. The sale of lands in controversy under the trust deed, if any was made at all, took place just six days after the default in payment of the debt had been made, when the trust deed required three weeks' notice. The notice under which the trustee's sale was made, if at all, does not describe the land except by a reference to the deed book and page at which the deed of trust was recorded. This was clearly a void sale, and is practically so conceded by opposing counsel. The vital thing to be done before title could pass from the grantor was not done; the instructions necessary to create the power in the trustee to convey title were never complied with; the conditions upon which sale was to be made was never fulfilled.

A notice of sale under a trust deed, which does not describe the land otherwise than by referring to the page of the record where it is recorded, is insufficient and a sale thereunder is void. *Yellowly* v. *Beardsley,* 24 South. 973. Where the trust deed requires that four weeks' notice of the time, place, and terms of the sale shall be given, and only three weeks' notice are given, one week intervening between the last publication and the day of sale, the sale is void and a deed by virtue of said advertisement is void. *American Building Co.* v. *McMahon,* 23 South. 431.

The publication, whether required by statute or by the terms of the power must be continuous, and of course the publication should not be made until default has been made; hence a publication which begins on the very day the debt becomes due is premature, and any sale made thereunder is void.

Appellants, however, contend that if they did not get title by this alleged sale, they got it by adverse possession, from the alleged fact that they were mortgagees in possession for more than ten years. The law will impute possession to the better title, where the possession is in dispute. *Hill* v. *Nash,* 19 South. 709. Did Mrs. Ellis and her children have a superior title to Garrett?

Under the statute relied on by appellants, Code 1906, § 1746, the holding must be adverse. It must be of such a nature as will put the true owner of the land on notice, some act of ownership by the person claiming title by adverse possession that will bring this claim home to the owner. Mrs. Ellis and her children owned this land in fee-simple. It is certain that Garrett took no title under this so-called sale by the trustee; hence he must rely for his title solely upon that of adverse possession. The answer of appellants admits that Mrs. Ellis occupied the land; hence Garrett must rely on the fact, as contended by him, of receiving rents to establish his claim of title; and the same rules governing proof of adverse possession will govern the proof of Garrett's collecting rents, namely, that the possession must be open and notorious, and the fact established by positive and competent proof. Has Garrett proved that he collected rents from Mrs. Ellis for this homestead? I submit that there is no competent proof that Garrett received any rents at all from Mrs. Ellis on the land embraced in the mortgage.

The appellants have fallen into the erroneous idea that the bill of appellees is one to redeem the mortgaged estate, but this is not true; it is a bill to remove cloud from the title. The statute relied upon by appellants is Code 1906, § 3092, and does not apply. The right of action of the minors, if Garrett made a sale and took possession under it and the sale was void, accrued to the heirs while minors. The mortgagor, B. H. Ellis, was dead at the time of the alleged foreclosure; hence the

right to redeem accrued to the children. Then the question arises: Does the statute begin to run against minor children, at the time of foreclosure or after they become of age? In *Alexander* v. *Hill,* 7 South. 238, it was held that the statute of limitation, with the mortgagee in possession at a void sale, did not begin to run until the minor had reached majority. In that case the court said that it could conceive of no state of facts which would authorize the presumption that a person not *sui juris* had a right to ratify and affirm a sale made under the circumstances shown in the bill.

The land in question descended, at the time of the death of B. H. Ellis to his widow, E. V. Ellis, and her children, as tenants in common; they owned the land jointly, with all the rights of co-tenants, and the widow had the additional right to occupy exclusively until her death, or until she married again; hence the same law that governs tenants in common will apply to the appellants. Then, could Mrs. Ellis, who was a co-tenant, build up title in herself? She could not. Can she build up title in Garrett? Not unless her adverse holding was brought home to the other owners, unless they are actually ousted, unless the claim be open and notorious.

Appellees had the right to rely on the possession of Mrs. Ellis, their mother. Her holding was in keeping with their ownership. A tenant in common cannot acquire title adverse to that of the other owner. *Wise* v. *Hyatt,* 19 South. 37; *Ship* v. *McKie,* 31 South. 197.

Argued orally by *J. F. Dean,* for appellants, and by *M. H. Thompson* and *W. A. Taylor,* for appellees.

MAYES, C. J., delivered the opinion of the court.

A very careful investigation of this case leads to the irresistible conclusion that B. F. Garrett, as mortgagee after condition broken, entered into the actual possession of the land about which this contest is being waged, and was in actual possession and receiving the profits

and rent of the land for a period of more than twenty years before the institution of this suit. We do not deem it necessary to enter into a detailed statement of the facts in this opinion. In reporting the case, the reporter can do that. In addition to being in possession of the land under conditions that were notorious throughout all that neighborhood, renting it out and receiving rents therefor, the parties in possession reciting in their deeds in trust that it was the land of Garrett for years and years; he paid taxes on it and had it assessed to him for over twenty years. All these things corroborate the statement of the witnesses to the effect that Garrett was in possession and receiving the rents, though not conclusive in themselves. This case is absolutely controlled by section 3092 of the Code of 1906, which is as follows, viz.: "When a mortgagee, after condition broken, shall obtain the actual possession or receipts of the profits or rent of land embraced in his mortgage, the mortgagor, or any person claiming through him, may not bring a suit to redeem the mortgage but within ten years next after the time at which the mortgagee obtained such possession or receipt, unless in the meantime an acknowledgment of the title of the mortgagor, or of his right of redemption, shall have been given in writing, signed by the mortgagee, or the person claiming through him; and in such case a suit may not be brought but within ten years next after the time at which such acknowledgment, or the last of such acknowledgments, if more than one, was given; but such acknowledgment shall be effectual only as against, and to the extent of the interest of the party signing it."

This section contains no saving clause as to minors or other persons whomsoever, and when once it is shown that the mortgagee, after condition broken and without fraud, actually obtains possession of the land, or receipt of the profits or rent of land embraced in his mortgage for the period prescribed by statute, his title is complete.

The statute above quoted is explicit and positive, and gives the mortgagee title when he has obtained actual possession, or when he has been in receipt of the rents and profits of the land for more than ten years. In short, actual possession is not necessary in order to perfect the title; but even if there has been no actual possession, but there has been a receipt of rents and profits for the period of limitation, the title is complete.

It is contended that, even if it is shown that the mother and brother of complainants did surrender the land to the mortgagee, this act of theirs could not prejudice the rights of the other heirs, equally interested in the property, unless acquiesced in by them. We do not think this contention can be sustained under the statute. The statute is purely a statute of limitations, peremptory in its commands, and utterly without indulgence. Such statutes as this, though seemingly harsh at times, yet work out much good in the adjustment of affairs between man and man, and prevent more wrong than they perpetrate. The fact of the possession of the land embraced in the mortgage by the mortgagee after condition broken, or the fact of the receipt by him of profits and rent of the land for a period of ten years, makes this title complete, no matter how or through whom he obtains his possession, or how he obtains the profits or rents, unless, of course, he obtains it through fraud. It will rarely happen that a mortgagee will be allowed to retain possession of land for ten years without disturbance from the owner of same, unless there has been some kind of a transfer of the property to the mortgagee.

The decree of the chancellor is reversed, prayer of cross-bill sustained, and decree entered here canceling the claim of complainants in the original bill as a cloud upon the title of B. F. Garrett, and the title to property declared to be in B. F. Garrett.

*So ordered.*