BEARD BROS. CO. *v.* MRS. ALICE DAUGHDRILL ET AL.

[59 South. 808.]

1. MORTGAGES. *Redemptions.* *Infants.* *Code* 1892, *section* 2732.

Section 2732, Code 1892, contains no saving clause as to minors or other persons whomsoever, and when once it is shown that the mortgagee, after condition broken and without fraud, actually obtains possession of the land, or receipt of the profits or rent of land, embraced in his mortgage for the period prescribed by this statute, his title is complete.

2. SAME.

This statute is purely a statute of limitations, peremptory in its commands, and utterly without indulgence.

APPEAL from the chancery court of Jones county.
HON. SAM. WHITMAN, JR., Chancellor.
Suit by Mrs. Alice Daughdrill and others against Beard Bros. Company. From a decree in favor of the plaintiff, defendants appeal.
The facts are fully stated in the opinion of the court.

*Shannon & Street,* for appellant.

The agreement of counsel, which was introduced, and now in the record on page 16, we regard as most important and we think it really settles this case in favor of appellant. By this agreement it is admitted that "whatever interest complainants have, if any, to the land described in the bill, was conveyed by their ancestor, H. C.

Daughdrill, Sr., during his lifetime, to N. M. Myer, trustee, to secure an indebtedness to A. Vizard, and that a certified copy of said deed of trust is filed as an exhibit to defendant's answer in this cause."

It is further admitted by said agreement "that defendant, Beard Bros. Company, and those through whom it claims, has been in the actual adverse possession by occupancy, claiming to be the owner of the same, uninterruptedly continued, for more than ten years prior to February 14, 1910, the time of the filing of the original bill in this cause, of the land described in complainant's bill."

The remaining question to be decided, therefore, is as to whether or not Beard Bros. Company's title to the land under the conveyance from the trustee in 1898 and successive conveyance has ripened into a perfect title as against Garnett and Allen Daughdrill, the two minors at the time of the foreclosure sale by the trustee. We submit that this proposition is no longer an open one in this state.

Section 2732, Code 1892, which is the same as section 3092, Code 1906, provides as follows: "When a mortgagee, after condition broken, shall obtain the actual possession or receipt of the profits or rent of land embraced in his mortgage, the mortgagor, or any person claiming through him, may not bring a suit to redeem the mortgage but within ten years next after the time at which the mortgagee obtained such possession or receipt, unless in the meantime an acknowledgment of the title of the mortgagor, or of his right of redemption, shall have been given in writing, signed by the mortgagee or the person claiming through him; and in such case a suit may not be brought but within ten years next after the time at which such acknowledgment, or the last of such acknowledgments, if more than one, was given; but such acknowledgment shall be effectual only as against, and to the extent of the interest of the party signing it."

102 Miss.—31

It will be noted that this section contains no saving in favor of infants, and under it infants are barred of any recovery after the lapse of ten years.

This is settled beyond question by the case of *Garrett* v. *Ellis,* 52 South. 451. In the above case Chief Justice MAYES in a very lucid opinion, easily understood, says:

"This section contains no saving clause as to minors or other persons whomsoever, and when once it is shown that the mortgage, after condition broken and without fraud, actually obtains possession of the land, or receipt of the profits or rent of land embraced in his mortgage for the period prescribed by statute, his title is complete. The statute quoted is explicit and positive, and gives the mortgagee title when he has obtained actual possession, or when he has been in receipt of the rents and profits of the land for more than ten years." Further in the same opinion, it is said:

"The statute is purely a statute of limitations, peremptory in its commands, and utterly without indulgence."

*Pack & Montgomery,* for appellees.

Appellant's second ground for reversal, to wit:

"That appellant's title has become full and complete by virtue of its possession for more than ten years before the filing of this suit" depends solely upon appellant's being a mortgagee in possession.

Our answer to this contention of appellant is that section 2732 of the Code of 1892 does not give appellant the benefit of the arbitrary statute of limitation fixed therein.

The statute itself restricts its operation to mortgages and does not embrace deeds of trust, while instrument here involved is a deed of trust without the essential elements of a mortgage.

In support of this construction, we set out the following reasons:

First. If the legislature had intended for this section to have applied to deeds of trust they would have mentioned them therein. In the Code of 1892, under which this sale was made, there are twenty-one sections relating to mortgages, deeds of trust, or both. Of these, seventeen, to wit: 592, 591, 839, 1983, 1985, 2443, 2449, 2451, 2452, 2457, 2462, 2463, 2483, 2484, 2733, 3115, 3567, mention both; three, to wit: 2453, deals with deeds of trust alone. In each of those where only one is mentioned, a good reason can be given why the other is not mentioned. As for example, section 4233, which is as follows:

"A conveyance or other writing absolute on its face, where the maker parts with the possession of the property conveyed by it, shall not be proved, at the instance of any of the parties, by parol evidence, to be a mortgage only, unless fraud in its procurement be the issue to be tried," deals with mortgages only. It would be senseless to recite that a conveyance on its face could be shown to be a deed of trust. Likewise, section 2453 relating to the acknowledgment of satisfaction of a deed of trust by the trustee. This is restricted to the trustee in a deed of trust which is proper since the trustee in a deed of trust holds the legal title is the only person who can take possession of the property upon conditions broken or who has the legal title. While the extra personage of a trustee in a mortgage has no authority to take possession of the property and has no title to the property, but only has the power of sale after conditions broken, or in other words, is practically an auctioneer. So it would be extending his power too far to give him the power to mark satisfied a deed of trust. The legislature has always embodied in a law both deeds of trust and mortgages where they wished the law to apply to both.

Second. The wording of this special statute prohibits the idea of its embracing a deed of trust. It recites:

"When a mortgagee, after condition broken, shall obtain the actual possession or receipt of the profits or

rent of land embraced in his mortgage.'' This provision cannot apply to a deed of trust for there is no right of the beneficiary in a deed of trust as such which would give him possession of the land on the receipt of the rents or profits. He can only come in as a purchaser and stands exactly in the same position so far as possession is concerned, as all other men. He must get down in the forum and bid for the same as against the general public and have a deed made to him by the trustee before any right of possession accrues, then it accrues not as a mortgagee or as a beneficiary of a deed of trust but as a purchaser. Again in the same section, we find:

''The mortgagor, or any person claiming through him, may not bring a suit to redeem the mortgage but within ten years next after the time at which the mortgagee obtained such possession or receipt.''

This cannot under any reasonable construction apply to a deed of trust for the beneficiary of a deed of trust would come in, not as a mortgagee but as a purchaser, and so a suit would not be to redeem but to cancel. The cancelling of the trustee's deed would be a separate matter from the repaying the money for which the deed of trust was given and the purchaser would stand in a dual relation, to wit: that of a beneficiary of a deed of trust and that of a purchaser at a trustee's sale. A suit to cancel might be upheld and a resale ordered without payment of any money. If he was a mortgagee in possession, there would only be one relation—that fully expressed by the statute.

Third. The common law rule as to the statute of limitation with regard to mortgages is that there is no bar to the right of redemption. Then this statute is in derogation of the common law, which fact demands a strict construction of the same, hence its provisions could not be extended to other instruments than those mentioned.

Fourth. Another reason why this statute should be strictly construed is that it takes rights from minors and

others under disability and bars them of relief which may be justly due them.

Fifth. This is a special statute limiting the general statute of limitations as found in section 2730, and as such it must be strictly construed and its provisions limited to only those things specifically mentioned, mortgagees.

REED, J., delivered the opinion of the court.

The appellees filed a bill in chancery asking for the sale of a lot in the city of Laurel for division of proceeds. They allege that they were owner of an undivided half interest in the land, and that appellant owned the other half. They claim their title as the heirs at law of H. C. Daughdrill, Sr., deceased, husband of Mrs. Alice Daughdrill and father of the other complainants. Appellant obtained a one-half interest in the land through purchase from Mrs. Wahrendorf. H. C. Daughdrill, Sr., executed a deed in trust on the other half interest in the land, which deed in trust was foreclosed and the property purchased by A. Vizard, the holder of the secured indebtedness. The appellant purchased the interest acquired by Vizard. Over ten years intervened between the purchase by Vizard and his acquiring possession of the property, and the filing of the bill in this case. The cause was heard upon bill, answers, depositions, agreement of counsel, and record testimony. The chancellor decreed that Mrs. Alice Daughdrill and her two oldest children, H. C. Daughdrill and J. H. Daughdrill, were barred by the general ten-year statute of limitations (section 3091, Code 1906; section 2731, Code 1892), but decided that Garnett Daughdrill and Allen Daughdrill, being under thirty-one years of age, were each entitled to an undivided one-tenth interest in the land, leaving the appellants as the owner of an undivided eight-tenths interest.

This case is controlled by section 2732, Code 1892, which reads as follows: "When a mortgagee, after con-

dition broken, shall obtain the actual possession or receipt of the profits or rent of land embraced in his mortgage, the mortgagor, or any person claiming through him, may not bring a suit to redeem the mortgage but within ten years next after the time at which the mortgagee obtained such possession or receipt, unless in the meantime an acknowledgment of the title of the mortgagor, or of his right of redemption, shall have been given in writing, signed by the mortgagee, or the person claiming through him; and in such case a suit may not be brought but within ten years next after the time at which such acknowledgment, or the last of such acknowledgments, if more than one, was given; but such acknowledgment shall be effectual only as against, and to the extent of the interest of the party signing it"—and by the decision of this court in the case of *Garrett* v. *Ellis,* 98 Miss. 1, 52 South. 451. MAYES, C. J., in delivering the opinion of the court in that case, said: "This section contains no saving clause as to minors or other persons whomsoever, and when once it is shown that the mortgagee, after condition broken and without fraud, actually obtains possession of the land, or receipt of the profits or rent of land, embraced in his mortgage for the period prescribed by statute, his title is complete. The statute above quoted is explicit and positive, and gives the mortgagee title when he has obtained actual possession, or when he has been in receipt of the rents and profits of the land for more than ten years. . . . The statute is purely a statute of limitations, peremptory in its commands, and utterly without indulgence. Such statutes as this, though seemingly harsh at times, yet work out much good in the adjustment of affairs between man and man, and prevent more wrong than they perpetrate."

In the instant case it is clearly shown that appellant obtained and had actual possession of the land, was a mortgagee in possession after condition broken, and has been in receipt of the profits or rents thereof for over

ten years before the filing of the bill, and under the statute above quoted appellant's title to the lot is complete.

There is a suggestion by the counsel for appellees as to the identity of the land in controversy. They claim in their briefs that the lot is not the same as that described in the original deed in trust. This is fully settled by the allegations in the bill of complaint filed by appellees themselves, the answer thereto, and the agreement of counsel for both appellant and appellees.

The decree of the chancellor is reversed, and decree entered here declaring the entire title to the land to be in appellant, Beard Bros. Company, and canceling the claim of appellees, the complainants in the original bill, as a cloud upon the title of Beard Bros. Company.

*Reversed.*